TRB Acquisitions LLC v Yedid (2025 NY Slip Op 03872)

TRB Acquisitions LLC v Yedid

2025 NY Slip Op 03872

Decided on June 26, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 26, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, Michael, JJ. 

Index No. 651160/21|Appeal No. 3975|Case No. 2024-06552|

[*1]TRB Acquisitions LLC et al., Plaintiffs-Appellants,
v
Jack Yedid, Defendant-Respondent.

Hogan Lovells US LLP, New York (James L. Bernard of counsel), for appellants.
Benesch, Friedlander, Coplan & Aronoff LLP, New York (Edward C. Wipper of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about October 8, 2024, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint and on the portion of his counterclaim seeking attorneys' fees incurred since June 13, 2023, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
The court should not have granted defendant's motion for summary judgment dismissing plaintiffs' complaint. Plaintiffs allege that defendant breached the confidentiality and nondisparagement provisions of their agreement when he threatened to provide damaging testimony in a separate action between plaintiffs and Reebok (a litigation to which defendant was not a party) if his demands in an unrelated arbitration with plaintiffs were not accepted. Plaintiffs further allege that when his demands were rejected, defendant acted on his threats, contacted Reebok, and offered to provide damaging false testimony in that action.[FN1]
Defendant now argues, in the third appeal in this case, that the Court of Appeals' recent holding in Gottwald v Sebert (40 NY3d 240 [2023]) bars plaintiffs' action. In Gottwald, thecourt held that there is no "sham exception" to the litigation privilege in a defamation action, thus conferring absolute litigation privilege no matter the motivation for the suit (id. at 253-254). The motion court agreed that Gottwald barred plaintiff's action and granted defendant summary judgment on that basis.
Gottwald specifically holds that "absolute immunity from liability for defamation exists for . . . statements made . . . in connection with a proceeding before a court when such words and writings are material and pertinent to the questions involved" (id. at 253 [emphasis added; internal quotation marks omitted]). However, here, plaintiffs' sole cause of action is for breach of contract, not defamation, and thus, Gottwald is not applicable. Moreover, the absolute litigation privilege granted by the Gottwald court was conferred upon parties to the suit. Gottwald does not speak to whether that privilege extends to individuals ancillary or collateral to the litigation, such as a potential witness. Thus, even were we to find that Gottwald is controlling here, it would not dispositively establish that defendant, a nonparty to the action involving Reebok and plaintiffs, would enjoy the privilege. Accordingly, in reviewing defendant's motion for summary judgment in which the facts alleged have been fully detailed, the litigation privilege does not apply because this action relates to claims of breach of contract, and defendant was not a party to the litigation wherein he threatened to provide confidential and disparaging information in violation of his contractual obligations.
As for the counterclaim for attorneys' fees, plaintiffs' action is not a strategic lawsuit against public participation (SLAPP), and therefore, defendant [*2]is not entitled to attorneys' fees under SLAPP. Insofar as relevant to this case, an "action involving public petition and participation" is "a claim based upon . . . (2) . . . lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest" (Civil Rights Law § 76-a[1][a]). The allegations of blackmail and extortion do not constitute "lawful conduct" (id.; see Posner v Lewis, 18 NY3d 566, 572 [2012]). Further, this private breach of contract dispute between family members does not concern an issue of public interest. Defendant's assertion that plaintiffs' arguments, if credited by this Court, would render New York's anti-SLAPP statute meaningless is unavailing.
Plaintiffs' request to remand this matter to a different justice is unpreserved and in any event, without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 26, 2025

Footnotes

Footnote 1: In a prior appeal, this Court addressed the application of the litigation privilege (TRB Acquisitions LLC v Yedid, 215 AD3d 40, 49 [1st Dept 2023]). Unlike the instant appeal, the prior appeal concerned defendant's pre-answer motion to dismiss in which the parties set forth their arguments relating to whether the privilege could be asserted and applied. Thus, the question before this Court on the prior appeal was narrowly confined to a pre-discovery motion to dismiss, where in the facts alleged in the complaint were accepted as true.